IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. JASON WHITE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-12987    D. Kelly Thomas, Jr., Judge**

_____

**No. E2002-02736-CCA-R3-CD**
**January 23, 2004**
_____

Following a bench trial appellant, Jason White, was found guilty of D.U.I. Second Offense in violation of T.C.A. 55-11-401.   He was sentenced to eleven months and twenty-nine days with incarceration for forty-five days followed by probation for the balance of the sentence. The appellant appeals, contending that the evidence was not sufficient for a D.U.I. Second Offense conviction. After a review of the record we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Shawn G. Graham, Maryville, Tennessee, for the appellant, Jason White.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Mike Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On October 31, 1999, Sergeant Bud Cooper of the Alcoa Police Department, observed a vehicle traveling at a high rate of speed coming north toward him on Wright Road.  Sergeant Cooper was forced to steer his car into the grass to avoid a head-on collision.  After the vehicles passed each other, Cooper turned his car around and then traveled south catching up with the vehicle near the intersection of Wright and McArthur Roads.  At that time, Sergeant Cooper engaged his blue lights and followed the car until it reached the residence at 620 North Wright Road.  The appellant pulled into the driveway and attempted to exit the vehicle.  Sergeant Cooper was behind the appellant when

the appellant exited his vehicle and proceeded to walk toward the house. Three times Cooper ordered the appellant to stop, the Appellant only stopped when Cooper whistled loudly at the defendant.

Sergeant Cooper then ordered the appellant to walk back toward the police vehicle. Cooper testified that appellant staggered and walked very slowly. When he reached the car, he had to lean on the car to balance himself. Sergeant Cooper smelled an odor of alcohol and the appellant's eyes were glassy and bloodshot. In addition, his speech was slurred. The appellant told Sergeant Cooper that he had consumed two beers.

Sergeant Cooper determined that because of appellant's inability to comprehend Cooper's commands, he did not attempt to have the appellant perform any field sobriety tests other than the horizontal gaze nystagmus test. At this time, Sergeant Cooper requested that appellant submit to a blood alcohol test. Appellant agreed to the test and it was performed at the Blount Memorial Hospital. The results showed that appellant's blood alcohol concentration registered .14%. Following Sergeant Cooper's testimony, the State introduced Exhibit 1, the appellant's blood alcohol test and Exhibit 2, a certified copy of the appellant's prior D.U.I. conviction from September 25, 1999.

The appellant testified that on October 31, 1999, he was standing in his yard and had gotten a cigarette out of the car. He stated that he did now know that it was a police car that had pulled into his driveway until Sergeant Cooper exited the car and turned on his blue lights. The appellant denied having contact with Cooper on his way home. He did admit that he had been driving only minutes before Cooper pulled into the driveway. He stated that once he arrived home, he got out of his car and went to the door of the residence and that his mother unlocked the door. At which point, he returned to the car to get cigarettes and sat down in the driver's seat of the car. The appellant testified that he had just lit the cigarette and stepped back outside the car when Sergeant Cooper turned into his driveway. He stated that he informed Sergeant Cooper, when asked, that he had drunk one beer earlier in the evening.

## Analysis

The appellant argues that the evidence was not sufficient to convict him of driving under the influence because Sergeant Cooper's testimony was suspicious and the defendant's version of the events was more sensible. After hearing the testimony from the State and the appellant's witnesses, the trial court ruled as follows:

> The evidence from Mr. White established his guilt beyond a reasonable doubt. Because he admits driving on the public roads in Blount County, by his version of the facts, two or three minutes before Officer Cooper arrived, and that his blood alcohol level was .14. I don't believe, however, that things happened like he said. I think that his blood alcohol level did not get to be .14 drinking one

-2-

beer. I do not believe that the officer offered a breathalyzer. I think he talked to him about a blood alcohol test. And I don't believe that he got to the door and back before Officer Cooper pulled in.

So, I find beyond a reasonable doubt that he is guilty of count one. I re-read the statute and I think if a conviction exists at the time that he's convicted in this offense, then this is his second offense. So, I find beyond a reasonable doubt that he's guilty of count two, also.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. In addition, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

According to Tennessee Code Annotated section 55-10-401, 403, the State must prove the following elements to sustain a conviction for driving under the influence, second offense: (1) driving or being in physical control of a motor vehicle; (2) upon a public thoroughfare; (3) while under the influence of an intoxicant or drug; and (4) one previous D.U.I. conviction. The proof showed that appellant had a blood alcohol level of .14% a very short time after Sergeant Cooper observed him driving in an erratic manner on a public road. Cooper observed the appellant park in his driveway and exit his vehicle. The appellant had difficulty understanding Cooper and was unsteady on his feet. The appellant was previously convicted of D.U.I. in September, 1999. Therefore this Court finds that the testimony and exhibits amply support the appellant's conviction for D.U.I. second offense.

Even though there were differences in the State's proof and the appellant's proof, the trial judge chose to accredit the testimony of Sergeant Cooper and to reject the claims of the appellant. The determination of the weight and the credibility of the testimony of witnesses and reconciliation

of conflicts in that testimony are matters entrusted exclusively to the trier of fact, in this case the trial judge. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). This issue is without merit.

<h3 style="text-align:center">Conclusion</h3>

After a review of the issue before this court, we conclude that the appellant failed to establish that the evidence was insufficient to support his conviction and therefore AFFIRM the judgment of the trial court.

                                              _____

JERRY L. SMITH, JUDGE